**Christopher HAYWARD, Plaintiff,**

v.

**James R. THOMPSON, et al.,
Defendants.**

**No. 84C0381.**

United States District Court,
N.D. Illinois, E.D.

April 3, 1984.

Lawrence J. Weiner, Weiner, Neuman & Spak, Chicago, Ill., for plaintiff.

Paul Millichap, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Christopher Hayward and his parents (collectively "Haywards") have filed a two-count Complaint against a group of state and local officials, charging violations of statutory duties created by Christopher's condition as a handicapped child. As attorney for the state defendants, the Attorney General has moved for partial dismissal of the Complaint in four respects. Each legal position asserted by the Attorney General is sound, and the motion is granted in its entirety.

First, there is no basis for joining Governor Thompson as a defendant. Nothing the Governor does—and his sole alleged function is appointment of the Illinois State Board of Education's members [1] —is asserted to have caused the alleged harm suffered by Haywards. They cite no authority at all for their position, while the Attorney General properly refers to a number of relevant cases, most particularly the decision in *Committee for Public Education and Religious Liberty v. Rockefeller,* 322 F.Supp. 678, 685–86 (S.D.N.Y.1971).

Second, Rehabilitation Act of 1973 § 504 ("Section 504"), 29 U.S.C. § 794, is not a predicate for the relief Haywards seek. This Court's decision in *William S. v. Gill,* 572 F.Supp. 509, 517 (N.D.Ill.1983) is squarely in point.

Third, the asserted pendent state law claim under Ill.Rev.Stat. ch. 122, ¶ 14–8.02 must also fail. Such a claim was always subject to question (see *William S.,* 572 F.Supp. at 518 n. 10), but it clearly cannot survive the United States Supreme Court's recent amendment of the Eleventh

---

1. Even in that respect, the advice and consent of the Illinois Senate are required. Ill.Rev.Stat. ch. 122, ¶ 1A–1.

Amendment in *Pennhurst State School & Hospital v. Halderman,* — U.S. —, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).[2]

 Fourth, once Haywards' Section 504 claim is gone, their prayer for attorneys' fees vanishes with it. Haywards' remaining claim under the Education for All Handicapped Children Act of 1975 does not embody such relief. *Anderson v. Thompson,* 658 F.2d 1205, 1217 (7th Cir.1981).

For all these reasons:

1. Governor Thompson is dismissed as a defendant.

2. All references to Section 504 are stricken from the Complaint.

3. Complaint Count II is stricken.

4. Paragraph D of Count I's prayer for relief is stricken.

All the remaining state defendants are ordered to answer the Complaint as so narrowed on or before April 18, 1984.

---

**2.** Though this Court finds Justice Stevens' dissenting opinion in *Pennhurst* (104 S.Ct. at 922–44) far more compelling than the majority tour de force, one of the fundamental principles of our jurisprudence is that only the Supreme Court itself (or perhaps law review writers) can overrule that Court—but that a lower federal court may never do so.